UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                    Chapter 7

BARRY ADDISON,                                            Case No.: 16-74856-ast

                          Debtor.
------------------------------------------------------------X

## DECISION AND ORDER DENYING
## <u>UNITED STATES TRUSTEE'S MOTION TO DISMISS</u>

Pending before the Court is the United States Trustee's (the "UST") motion to dismiss

(the "Motion to Dismiss") the chapter 7 bankruptcy case of Barry Addison ("Debtor"), solely as

a presumed abuse case pursuant to 11 U.S.C. § 707(b)(2).  The UST asserts that Debtor, an

above-median income, single-person-household debtor, improperly claimed certain deductions

on his chapter 7 means test, and that after adjusting for the improper deductions, Debtor's case is

presumptively abusive and should be dismissed.  The deductions at issue are for operating two

vehicles, an older vehicle, and an overstated tax liability.  Debtor asserts all of the deductions on

his means test are proper and that the presumption of abuse does not arise.

This Court has concluded that Debtor properly claimed two vehicles, improperly claimed

an older vehicle expense, and overstated his tax liability, but that even with his means test

recalculated, the presumption of abuse does not arise.  Therefore, the UST's Motion to Dismiss

will be denied.

## <u>JURISDICTION AND VENUE</u>

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§

157(b)(2)(A), and 1334(b), and the Standing Orders of Reference in effect in the Eastern District

of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective

*nunc pro tunc* as of June 23, 2011.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The following constitutes this Court's findings of fact and conclusions of law made in accordance with Rule 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

***Background and procedural history***[1]

On October 19, 2016, (the "Petition Date"), Debtor filed a voluntary petition for relief (the "Petition") under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").[2] In his Petition, Debtor listed his residence in Suffolk County, New York, with a household size of one person; on Official Form 122A-1, Chapter 7 Statement of Your Current Monthly Income ("Form 122A-1"), Debtor listed that he is married but that he is living separately or is legally separated from his spouse. Debtor listed his debts as primarily consumer debts which included $145,333.99 in nonpriority unsecured claims, and that he was employed and earned a monthly gross income of $6,453.61. In Debtor's Schedule A/B, he claimed that he leased a 2016 Nissan Rogue, and that he owned a 2013 Honda Gold Wing F6B motorcycle, a 1999 S420 Mercedes-Benz, a 2004 Chevrolet Avalanche, and a 2010 Mercury Milan. [dkt item 1]

As Debtor's monthly income equates to $77,443.32 per year, he is above the New York median-family income of $49,086.00 for a one-person household. Thus, he completed Official Form 122A-2, Chapter 7 Means Test Calculation ("Form 122A-2" or the "Means Test"). Relevant here, on line 11 of Form 122A-2, Debtor claimed an ownership or operating expense for two or more vehicles; on line 12 he claimed a vehicle operation expense of $816.00; on line 16, he claimed an expense for taxes in the amount of $1,530.51; on line 39c, he listed his

---

[1] The factual background and procedural history are taken from the pleadings, exhibits, stipulations and other papers submitted by the Parties.
[2] Unless otherwise indicated, all statutory references are to the Bankruptcy Code.

monthly disposable income as (-$465.32); on line 39d, listed his monthly disposable income

multiplied by 60 as (-$27,919.20); and on line 40, Debtor asserted that there is no presumption of

abuse in this chapter 7 case.[3]

On May 8, 2017, the UST filed a notice that it has determined that Debtor's case is

presumed to be an abuse under § 707(b).  [dkt item 18]

On May 8, 2017, the UST filed its Motion to Dismiss Debtor's case under § 707(b)(2)

and Rule 1017 of the Bankruptcy Rules.  [dkt item 17]  In its Motion to Dismiss, the UST asserts

as follows: that Debtor incorrectly claimed a vehicle operation expense for two vehicles and

therefore overstated the deduction in the amount of $308.00; that Debtor is not entitled to an

older vehicle deduction of $200.00; that Debtor overstated his tax liability in the amount of

$314.51; and that Debtor improperly claimed a life insurance deduction in the amount of $120.

The UST asserts that if Debtor had properly completed the Means Test, a presumption of abuse

arises and his case should be dismissed.

On August 15, 2017, Debtor filed an affirmation in opposition to the UST's Motion to

Dismiss (the "Opposition"), asserting, among other things, that Debtor properly completed the

Means Test and is entitled to all of his claimed deductions, and that the presumption of abuse

does not arise.[4]  [dkt item 22]

The Court held a hearing on the Motion to Dismiss and Opposition on August 22, 2017,

and an adjourned hearing on September 12, 2017. After agreeing that there are no disputed facts

---

[3] On line 18, Debtor also claimed an expense for life insurance in the amount of $120.00.  However, as detailed later, he conceded this deduction is improper.

[4] Debtor also asserts that pursuant to § 707(b)(3), his chapter 7 case is not abusive under the totality of the circumstances.  Because the UST does not seek dismissal pursuant to § 707(b)(3), the Court will not address that subsection or the totality of the circumstances. *See generally In re Perelman*, 419 B.R. 168, 177 (Bankr. E.D.N.Y. 2009) ("[w]here the presumption of abuse does not arise, the burden of proof is on the moving party to establish that the case was filed in bad faith or that the totality of the circumstances of a debtor's financial situation demonstrates abuse.") (citations omitted).  However, when § 707(b)(3) is invoked, a court may consider the totality of the circumstances whether a debtor passes or fails the Means Test.

for which an evidentiary hearing would be necessary, on October 26, 2017, Debtor and the UST filed a joint statement of post-hearing issues and exhibits (the "Joint Statement"). [dkt item 24] The Court held a further status hearing on October 31, 2017, and marked this matter submitted.

Pursuant to the Joint Statement, the parties stipulated that Debtor is not entitled to the life insurance deduction of $120.00, and that the only issues remaining for the Court to decide regarding Debtor's deductions are: (1) whether a single-person-household debtor is entitled to an operation expense deduction for more than one vehicle; (2) whether Debtor is entitled to the older vehicle deduction; and (3) whether the correct deduction for Debtor's tax expenses is the amount withheld from his payroll or the actual tax obligations he incurs.  The parties agreed that the Court's resolution of the above three issues will determine whether Debtor's chapter 7 case is presumed abusive, and that a finding in favor of Debtor on any of these issues will render Debtor's chapter 7 case not abusive.

## *Discussion*

In 2005, as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), to prevent debtors from proceeding in chapter 7 cases that Congress considered to constitute an abuse of the bankruptcy process, Congress added § 707(b)(2) and created the Means Test; this allows bankruptcy courts to dismiss chapter 7 cases that are abusive because the debtor has a certain income level and an ability to pay a statutorily defined meaningful dividend to creditors.  *See* Section 707(b)(1) (the court may dismiss a case filed by an individual debtor whose debts are primarily consumer debts if it finds that the granting of relief would be an abuse of the provisions of this chapter.)  11 U.S.C. § 707(b)(1) (2016).  If a debtor's Current Monthly Income ("CMI"), as defined in § 101(10A) of the Code, exceeds a defined level, the debtor is subject to the Means Test, and § 707(b)(2)(C) specifically requires him to file a statement of CMI and make certain expense calculations to determine whether the

debtor can pay the defined dividend; if he can, his chapter 7 case is presumptively abusive, and thus subject to dismissal. *See In re Bohnenblusch*, No. 10-79097-AST, 2011 WL 1102809, at *2 (Bankr. E.D.N.Y. Mar. 21, 2011). Section 707(b)(2)(A)(i) provides that, in considering Section 707(b)(1), a court shall presume abuse exists "if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of—(I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $7,700,[5] whichever is greater; or (II) $12,850." 11 U.S.C. § 707(b)(2)(A)(i) (2016) (the "Means Test").[6] If a presumption of abuse arises under the Means Test, a debtor is not entitled to relief under chapter 7, unless she can rebut the presumption by demonstrating special circumstances.[7] 11 U.S.C. § 707(b)(2)(B)(i). *See* Former Official Forms 22A-22C advisory committee's note to 2005-2008 amendments.

The Means Test is intended to be applied as a strict mechanical test, with bankruptcy courts having little discretion in applying the test. *In re Kimbro*, 389 B.R. 518, 527 (B.A.P. 6th Cir. 2008), *rev'd and remanded*, 409 F. App'x 930 (6th Cir. 2011); *In re Lopez*, 574 B.R. 159, 164 (Bankr. E.D. Cal. 2017); *In re Rivers*, 466 B.R. 558, 568 (Bankr. M.D. Fla. 2012) ("it is widely recognized that the Means Test provides a nondiscretionary formula for determining whether the Court should presume that the case is an abuse of the provisions of Chapter 7"); *In re Cotto*, 425 B.R. 72, 77 (Bankr. E.D.N.Y. 2010) (intent of Congress in creating means test "was to create a more objective standard for establishing a presumption of abuse and to reduce judicial discretion in the process"); *In re DeJoy*, No. 11-10268, 2011 WL 5827319, at *6 (Bankr.

---

[5] Dollar amount as adjusted by the Judicial Conference of the United States. *See* Adjustment of Dollar Amounts notes set out under this section and 11 U.S.C. § 104.
[6] The parties agreed that the amount to be used for calculation of (x) 25 percent of the debtor's nonpriority unsecured claims in the case, or (y) $7,700, whichever is greater; is the amount of 25% of Debtor's scheduled unsecured nonpriority debt of $145,333.99, which is equal to $36,333.50, and thus greater than $7,700.
[7] Debtor does not assert special circumstances.

N.D.N.Y. Nov. 18, 2011) (the "means test is a bright line test"). *But see In re Rabener*, 424 B.R. 36, 41 (Bankr. E.D.N.Y. 2010) ("This Court does not share the view that a rigid application of Section 707(b)(2)(A)(ii) is required because the 2005 BAPCPA amendments were intended to blindly reduce judicial discretion.")

This Court follows a plain meaning approach to the Bankruptcy Code: "[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *In re Olmo-Claudio*, No. 8-16-71740-AST, 2017 WL 3835798, at *3 (Bankr. E.D.N.Y. Aug. 30, 2017) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, Nat'l Ass'n*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000)); *In re Miller*, 462 B.R. 421, 430 (Bankr. E.D.N.Y. 2011); *In re Phillips*, 485 B.R. 53, 56 (Bankr. E.D.N.Y. 2012). This plain meaning applies equally to Section 707(b)(2).

The calculations required to perform the Means Test are provided for in Form 122A-2, under which a debtor may claim deductions for certain living expenses as well as deducting payments for secured and priority debt from her CMI. Congress gave the parties and the courts the following instructions to follow for the expense calculations:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief[.]

11 U.S.C. § 707(b)(2)(A)(ii)(I). The deductions pursuant to this subsection do not include any payments for debts, which are addressed under other subsections. *See* § 707(b)(2)(A)(iii)-(iv). The National Standards and Local Standards deductions are incorporated in the Means Test and on Form 122A-2, which specifically states:

> The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.
>
> Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards.

*See* Official Form 122A-2.

**The deductions at issue here**

**Is a single-person household filer limited to a one car operation expense under the Local Standards?**

While certain expenses "shall be" the amounts provided by the National and Local Standards, certain other expense categories are tied to what is "reasonably necessary," such as health insurance, disability insurance, and health savings account expenses for the debtor, the spouse of the debtor, or the dependents of the debtor under § 707(b)(2)(A)(ii)(I); a debtor may also deduct actual expenses paid by the debtor that are "reasonable and necessary" for the care and support of an elderly, chronically ill, or disabled household member or member of the debtor's immediate family, under § 707(b)(2)(A)(ii)(II).  However, Congress directed that the local transportation expense is among those expenses that "shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards[.]" § 707(b)(2)(A)(ii)(I).

Line 11 of Form 122A-2 directs the debtor to "Check the number of vehicles for which you claim an ownership or operating expense."  The debtor is then given three choices for the number of vehicles claimed: zero, one, or two or more.  If the debtor selects one or more vehicles, he is directed to line 12, which provides for the amount of the vehicle operation

expense.  Line 12 provides that "using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area." (emphasis in original).  As stated earlier, the IRS Standards are issued by the IRS and are found online, through the Department of Justice website, and may be available at the bankruptcy clerk's office.  For cases such as this filed between May 1, 2016 and October 31, 2016, the IRS Local Transportation Expense Standards for the Northeast Region provides that a debtor who lives in Suffolk County, New York, is entitled to a vehicle Operating Cost in the amount of $308 for one vehicle and $616 for two vehicles.  *See* IRS Local Transportation Expense Standards, Northeast Census Region, Cases Filed Between May 1, 2016 and October 31, 2016, Inclusive (available at

https://www.justice.gov/ust/eo/bapcpa/20160501/bci_data/IRS_Trans_Exp_Stds_NE.htm ).

The only two options a debtor in the New York Metropolitan Statistical Area may have chosen between at that time was either $308 for one car or $616 for two cars.  Here, Debtor claimed two or more vehicles on line 11 and then a total of $816 for the vehicle operation expense on line 12; in doing so he added an extra $200, which as discussed below, is claimed as an older vehicle deduction.

The UST argues that the Internal Revenue Service manual ("IRM"), in the chapter entitled the Financial Analysis Handbook (the "IRS Handbook"), provides a guideline on how to use the National and Local Standards,[8] under which, absent unusual circumstances, a single debtor is entitled to only a single vehicle operation cost.  The IRS Handbook specifically states "a single taxpayer is normally allowed ownership and operating costs for one vehicle."  I.R.M.

---

[8] Under I.R.M. 5.15.1.1, the IRS Handbook "provides instructions for securing, verifying and analyzing financial information. This analysis provides the basis for determining a taxpayer's ability to pay delinquent tax liabilities, which enables Collection employees to make appropriate collection decisions to resolve cases."

5.15.1.9, 2015 WL 10182197 (Nov. 17, 2014).  Additionally, the UST asserts the older vehicle

expense of $200 is inapplicable because the purpose of that allowance is to provide for sufficient

funds to replace an existing vehicle in the near future due to the current vehicle's age or mileage,

and this Debtor, who owns multiple vehicles, has proffered no compelling circumstances for the

two vehicle operation expense and no reason at all for the allowance of the older vehicle

deduction.  Thus, according to the UST, Debtor's vehicle operation expense deduction on Line

12 is overstated by $508.

Debtor asserts that since he is actually incurring expenses on two vehicles, the operation

expense is applicable and he may claim the deductions for both vehicles, as well as the older

vehicle expense, without specifying to which older vehicle he attributes this deduction.

Additionally, Debtor asserts the IRS Handbook is not determinative of whether a deduction is

reasonable.

Here, neither party disputes that Debtor is incurring expenses for two vehicles, or that

Form 122A-2 provides an individual debtor with the option of choosing two vehicles under the

line 11 local transportation expense, or that line 12 directs a debtor to apply the operation costs

for the claimed number of vehicles in accordance with the Local Standards and applicable

Census region or metropolitan statistical area.  Neither party points to a section of the

Bankruptcy Code, a Bankruptcy Rule, Form 122A-2, or the Local Standards that expressly limits

a single-person-household debtor's vehicle operation expense deduction to one vehicle, or

conditions a two vehicle deduction on a debtor's household size.  Rather, the UST essentially

asks the Court to look beyond these sources and conclude that the IRS Handbook controls the

number of vehicles a debtor may claim as an operation cost based upon the language in the IRS

Handbook stating "A single taxpayer is normally allowed ownership and operating costs for one vehicle."

In a presumed abuse case, Section 707(b)(2)(A)(ii)(I) does not direct the Court to look for guidance from the IRM or the IRS Handbook for the purpose of determining a debtor's applicable monthly expenses; rather, that subsection provides that the applicable monthly expenses "shall be" determined under the National Standards and Local Standards.  The Local Standards for Operating Costs, which are found on the Department of Justice's website, provides for either one or two vehicle operation costs and does not expressly limit a single-person-household debtor's operation costs to one vehicle.  Similarly, Official Form 122A-2, which directs debtors to use the National Standards and Local Standards for determining the vehicle operation expense, does not provide a "one debtor one car" or a "no dependents one car" constraint, nor does it provide that the IRS Handbook is determinative of the number of vehicles a debtor may deduct for this expense.  While the Official Forms do not have the force of substantive law, in the event of a conflict between the forms and the statute, the statute controls.  *In re Rahman*, 400 B.R. 362, 368 n.10 (Bankr. E.D.N.Y. 2009).  *See* Fed. R. Bankr. P. 9009 ("The forms shall be construed to be consistent with these rules and the Code.").  Here, the Code and Form 122A-2 do not conflict.  The fact that the IRS Handbook could be read to conflict with the statute and official form is irrelevant for a presumed abuse case, because Congress did not expressly build the IRS Handbook into the statute nor did the Judicial Conference of the United States build the IRS Handbook into the official form.

In addition, other lines in Form 122A-2 expressly set the expenses a debtor may deduct based upon the number of people a debtor claims as dependents; line 5 directs the debtor to state the "number of people who could be claimed as exemptions on the debtor's federal income tax

return plus the number of any additional dependents whom you support;" line 6 then provides a deduction for food, clothing and other items based on the number of people claimed in line 5, with that amount being based on the IRS National Standards, which provides a specific dollar amount for each claimed dependent between one and four, as well as a specific dollar amount for each additional person. *See* Collection Financial Standards for Food, Clothing and Other Items, Cases Filed Between May 1, 2016 and October 31, 2016, Inclusive

(https://www.justice.gov/ust/eo/bapcpa/20160501/bci_data/national_expense_standards.htm)

Similarly, lines 8 and 9, which provide deductions for housing and utilities, direct the debtor to determine the applicable dollar amount using the number of dependents entered on line 5 and the UST Program chart, which bases a debtor's allowable living expense on family size from one to five people. *See* Local Housing and Utilities Standards, Cases Filed Between May 1, 2016 and October 31, 2016, Inclusive, New York

(https://www.justice.gov/ust/eo/bapcpa/20160501/bci_data/housing_charts/irs_housing_charts_NY.htm).

However, as noted, the local transportation expense and the vehicle operation expense do not reference the debtor's line 5 dependents nor do they make reference to the debtor's family or household size. *See In re Barrett*, 371 B.R. 860, 863 (Bankr. S.D. Ill. 2007) (finding ownership expense does not differentiate based on size of household). Courts that have allowed a single-person household debtor to claim a two vehicle local transportation expense deduction generally apply an objective, plain meaning approach to the statute, the official forms, and the Local Standards. *See Id*. at 865; *In re Zaporski*, 366 B.R. 758, 769 (Bankr. E.D. Mich. 2007) (allowing a single debtor to take an operation expense for two vehicles and stating "[t]he form invites it and the statute allows it"); *In re Scurlock*, 385 B.R. 814, 816 (Bankr. M.D.N.C. 2008) (finding

the transportation expense in the Official Forms does not distinguish between cases in which there is a single debtor, a single debtor with dependents, or joint debtors); *In re Styles*, 397 B.R. 771, 774 (Bankr. W.D. Va. 2008); *See In re Joest*, 450 B.R. 381 (Bankr. N.D.N.Y. 2011) (holding the IRS Handbook's guidelines limiting a single debtor to one vehicle deduction at odds with the plain meaning of § 707(b)(2)(A)(ii)(I) as instructed by *Ransom*).   On the other hand, courts that have disallowed a single debtor's two vehicle deduction have looked beyond the plain meaning of the statute toward the IRS Handbook regarding the treatment of the expenditures.  *In re Aprea*, 368 B.R. 558, 564 (Bankr. E.D. Tex. 2007) (denying ownership expense on car used by debtor's fiancée on the basis that IRS Handbook allows taxpayer expenditures for up to two cars only if each qualifies as an actual and necessary expense).

Thus, in this case involving the presumption of abuse, and following the plain meaning approach to the Code and the Means Test, the Court finds its guidance in Form 122A-2 and the Local Standards, which do not prohibit a single-person-household debtor from electing a two vehicle operation expense on the Means Test, and not in the IRS Handbook.

This analysis is consistent with the Supreme Court's decision in *Ransom v. FIA Card Servs., N.A.*, in which a chapter 13 debtor, Jason Ransom ("Ransom"), owned an unencumbered vehicle and did not make loan or lease payments.  562 U.S. 61, 72–73, 131 S. Ct. 716, 726, 178 L. Ed. 2d 603 (2011).  As Ransom was an above-median-income debtor, he was subject to the Means Test by virtue of § 1325(b)(3).  In calculating the amount of his disposable income available to pay unsecured creditors, Ransom took a deduction for a vehicle-ownership expense on line 13[9] based on a nationwide figure for monthly loan or lease payments.  Ransom argued

---

[9] Different than the operation expense at issue here, the ownership expense allows a debtor to take a deduction for the expenses of a loan or lease payment on a vehicle.  Form 122A-2 *expressly* provides at line 13 that a debtor may not claim the ownership expense for more than two vehicles.

that although his vehicle was unencumbered, the ownership expense was "applicable" to him under § 707(b)(2)(A)(ii)(I).  The Court found that the Bankruptcy Code did not define the word "applicable" and therefore the Court looked toward the ordinary meaning of the term.  *Ransom*, 562 U.S. at 69; *See, e.g.*, *Hamilton v. Lanning*, 560 U.S. 505, 513, 130 S. Ct. 2464, 2471, 177 L.Ed.2d 23 (2010).  After defining the ordinary meaning of the term, the Court stated that "a deduction is so appropriate only if the debtor has costs corresponding to the category covered by the table—that is, only if the debtor will incur that kind of expense during the life of the plan." *Ransom*, 562 U.S. at 70.  *See also In re Coughlin*, 568 B.R. 461, 472 (Bankr. E.D.N.Y. 2017). Thus, under *Ransom*, if Debtor claimed a two vehicle operation expense but did not actually own or lease two vehicles, that deduction would be improper.  Said otherwise, where Line 11 directs a debtor to "Check the number of vehicles for which you claim an ownership or operating expense," it means to claim the number of actually owned or leased vehicles for which you claim an ownership or operating expense.

The Supreme Court did discuss a bankruptcy court's use of the IRS Handbook, and after acknowledging that the statute does not incorporate the IRS's guidelines, stated that courts may consult the Handbook in interpreting the National and Local Standards, but that these "guidelines of course cannot control if they are at odds with the statutory language." *Ransom*, 562 U.S. at 72–73.  Additionally, apparently in response to the dissenting opinion, the Court included the following footnote:

> The dissent questions what possible basis except incorporation could justify our consulting the IRS's view, *post*, at 732, n., but we think that basis obvious: The IRS creates the National and Local Standards referenced in the statute, revises them as it deems necessary, and uses them every day. The agency might, therefore, have something insightful and persuasive (albeit not controlling) to say about them.

*Ransom*, 562 U.S. at n.7.

Here, the IRS Handbook is not controlling and in fact would be at odds with the Means Test as defined by § 707(b)(2) as well as the official form, and the Local Standards, none of which limit a single-person-household debtor to one vehicle expense where the debtor actually owns or leases two or more vehicles. *See Joest*, 450 B.R. at 390. *See also In re Luedtke*, 508 B.R. 408, 414 (B.A.P. 9th Cir. 2014) ("If Congress had meant for bankruptcy courts to consider the entirety of IRS policy and procedure in determining which expenses should be considered reasonably necessary for disposable income purposes, Congress could have provided in the Code that a debtor's monthly expenses shall be determined in the same manner that IRS collection employees determine allowable expenses for purposes of assessing a delinquent taxpayer's ability to pay, or something along those lines. Instead, § 707(b)(2)(A)(ii)(I) focuses exclusively on the National Standards and Local Standards. Thus, anything beyond those standards, and the IRS's interpretation of those standards, is at odds with the Bankruptcy Code.").

Thus, in conformity with *Ransom*, in a presumed abuse case, a court may consult the IRS Handbook for guidance where the National or Local Standards either directs the court to do so, or where the standards are vague or unclear as to the amount to be claimed, or where the debtor must substantiate special circumstances, or where the expense at issue is one for which the Code provides that a debtor may only take a deduction which is "reasonable."

The UST relies on *In re Brown*, 546 B.R. 642, 647 (Bankr. E.D.N.C. 2016), for the proposition that a single-person-household debtor may not deduct two vehicles under the Means Test. However, *Brown* is inapplicable because it examined a Means Test deduction under § 707(b)(2)(A)(iii)(II) in a chapter 13 case for payments of secured debts to maintain possession of the debtor's property "necessary for the support of the debtor and the debtor's dependents." *See also In re Mendelson*, 412 B.R. 75, 82 (Bankr. E.D.N.Y. 2009) (holding a chapter 13 debtor

may not take a deduction under § 707(b)(2)(A)(iii) for repayment of a secured debt where the debtor has clearly stated on the record that she does not intend to make the payments during the pendency of the chapter 13 case); *Rahman*, 400 B.R. at 370 (disallowing a deduction under § 707(b)(2)(A)(iii) of a mortgage payment on a residence that the chapter 13 debtor intended to surrender).

Here, for purposes of § 707(b)(2)(A)(ii)(I), as Debtor actually incurs an operation expense for two or more vehicles, in accordance with the Code, Rules, Form 122A-2, and the Local Standards, Debtor is entitled under lines 11 and 12 to a vehicle operation deduction for two vehicles in the total amount of $616.00.

### *Where does the $200 older vehicle deduction come from?*

Debtor asserts that he is entitled to an additional vehicle operation expense deduction of $200.00 on Line 12 based on the age and high mileage of one of his vehicles, although he does not identify the vehicle for which he claims such a deduction.  The UST asserts that the additional deduction is inapplicable because the purpose of that allowance is to provide for sufficient funds to replace the existing vehicle in the near future due to the vehicle's age or mileage.  Neither party supports its assertions with reference to any applicable statute, rule, official bankruptcy form, or case law.

Neither the Code, Rules, Means Test, or the National Standards or Local Standards provide for an older vehicle deduction.  The cases that have addressed the older vehicle deduction have attributed this to Chapter 8 of Part 5 of the IRS's IRM, which explains how IRS collection employees should analyze a taxpayer's financial condition for purposes of considering a taxpayer's offer in compromise.  *See Luedtke*, 508 B.R. at 410; *In re Willingham*, 520 B.R. 818, 822 (Bankr. E.D. Cal. 2014).  Pursuant to I.R.M. 5.8.5.22.3(6), which provides for

transportation expenses, "In situations where the taxpayer has a vehicle that is currently over six years old or has reported mileage of 75,000 miles or more, an additional monthly operating expense of $200 will generally be allowed per vehicle (up to two vehicles when a joint offer is submitted)." I.R.M. 5.8.5.22.3, 2013 WL 7997109 (2013).  *See also* I.R.M. 5.15.1.16, 2007 WL 9243757 (Nov. 17, 2014) ("The analysis of the taxpayer's financial condition provides a basis for making one or more of the following decisions: … (f.) Offer-in-Compromise. For detailed Offer in Compromise information see IRM 5.8, *Offer in Compromise*.")

However, under the Code, there is no express indication that the National Standards or Local Standards are governed by the IRS Handbook or the Chapter on Offers in Compromise in regard to an older vehicle deduction, and the Official Form provides no such deduction. As discussed above, § 707(b)(2)(A)(ii)(I) and Form 122A-2 focus exclusively on the National Standards and Local Standards for the expenses at issue here.  The older vehicle deduction and its reference in the IRM regarding offers in compromise is beyond the National Standards and Local Standards, and is also beyond the IRS Handbook providing guidance for those standards, and is at odds with the Bankruptcy Code.  Taking the same plain meaning approach as this Court did in analyzing the two vehicle operation expense deduction, and following the analysis of § 707(b)(2)(A)(ii)(I) in *Luedtke*, Debtor is not entitled to the $200 older vehicle deduction in a presumed abuse case. *See Luedtke*, 508 B.R. 413-14; *In re Molina*, No. 14-21469, 2015 WL 1243664, at *3 (Bankr. E.D. Ky. Mar. 11, 2015)(disallowing the older-vehicle allowance under the vehicle operation expense deduction in a presumed abuse chapter 7 case).

### What is Debtor's tax deduction?

Under § 707(b)(2)(A)(ii)(I), a debtor's expenses includes his "actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service

for the area in which the debtor resides, as in effect on the date of the order for relief[.]"  The

IRS does not specify dollar allowances for "Other Necessary Expenses."  Rather, it specifies a

number of categories for such expenses, including taxes, and describes the nature of the expenses

that may be deducted in each of these categories.  *In re Montalto*, 537 B.R. 147, 152 (Bankr.

E.D.N.Y. 2015).  *See* Former Official Forms 22A-22C advisory committee's note to 2005-2008

amendments.  Section 707(b)(2)(a)(ii)(I) allows a deduction for the debtor's actual expenses in

these specified categories and "the debtor may deduct his actual expenses, no matter how high

they are."  *Ransom*, 562 U.S. at 75-76.

Form 122A-2, line 16 provides for the Other Necessary Expense deduction for taxes and

directs the debtor to deduct:

> The total monthly amount that you will actually owe for federal,
> state and local taxes, such as income taxes, self-employment taxes,
> Social Security taxes, and Medicare taxes. You may include the
> monthly amount withheld from your pay for these taxes. However,
> if you expect to receive a tax refund, you must divide the expected
> refund by 12 and subtract that number from the total monthly
> amount that is withheld to pay for taxes.

Line 16 of Form 122A-2 is clear and unambiguous in that it requires a debtor to deduct only the

amount actually owed for taxes.  *See In re Rudnik*, 435 B.R. 613, 614 (Bankr. D. Minn. 2010)

("Only actual tax liability can be used as the basis for the calculation.")  Although a debtor may

include the amount withheld from his paycheck, he must subtract the expected refund from the

total monthly amount of taxes withheld; said otherwise, a debtor who is over-withholding from

his or her paycheck may not deduct the amount which exceeds his or her actual tax liability.

Here, Debtor, who filed in October of 2016, listed the line 16 deduction as $1,530.51, which he

admits is the actual monthly withholding from his paycheck but not his actual tax liability.  The

parties agree that Debtor's tax returns for 2016 show that Debtor expected both federal and state

tax refunds for 2016, and Debtor does not dispute that for 2016 he actually received $3,683 in refunds.

Thus in accordance with line 16, Debtor's total monthly amount owed for taxes should be calculated as follows:

| | |
|---|---|
| Line 16 Deduction (monthly amount) | 1,530.51 |
| 2016 tax refund total | 3,683.00 |
| 2016 refund divided by 12 | 306.92 |
| Line 16 deduction minus refund (divided) | 1,223.59 |

Thus, Debtor's monthly tax deduction on line 16 was overstated by $306.92 and the proper deduction is $1,223.59.

### *Even with these corrections, the presumption of abuse does not arise*

The UST concedes that a finding in favor of Debtor on any of the contested deductions will render Debtor's chapter 7 case not abusive. After taking Debtor's original Line 39c monthly disposable income of (-$465.32) and adding back the $120.00 life insurance deduction, the $200.00 older vehicle deduction, and the $306.92 in overstated taxes, Debtor's adjusted Line 39c is equal to $161.60 and Adjusted Line 39d is equal to $9,695.80. Pursuant to § 707(b)(2)(A)(i), the amount on 39d is presumed abusive unless it is "less than the lesser of—(I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $7,700, whichever is greater; or (II) $12,850." Here, the lesser of (I) or (II) is the $12,850 found under (II), because 25% of Debtor's scheduled unsecured nonpriority debt of $145,333.99 is equal to $36,333.50, which is greater than $7,700. Debtor's Adjusted Line 39d is less than $12,850.00. Accordingly, the presumption of abuse does not arise.

*Conclusion*

Based upon the foregoing, it is hereby

**ORDERED**, that the UST's Motion seeking to dismiss Debtor's case as a presumed abuse case under § 707(b)(2) is denied.



Dated: January 11, 2018
Central Islip, New York

_____
Alan S. Trust
United States Bankruptcy Judge